Nationstar Mtge., LLC v Generation Mtge. Co. (2021 NY Slip Op 01005)





Nationstar Mtge., LLC v Generation Mtge. Co.


2021 NY Slip Op 01005


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 651248/19 Appeal No. 12989 Case No. 2020-00852 

[*1]Nationstar Mortgage, LLC, Plaintiff-Appellant,
v
Generation Mortgage Company et al., Defendants-Respondents.


McKool Smith, P.C., New York (John C. Briody of counsel), for appellant.
Farrell Fritz, P.C., Uniondale (James M. Wicks of counsel), for Generation Mortgage Company, respondent.
Winston & Strawn LLP, New York (Martin C. Geagan of counsel), for Guggenheim Partners, LLC, respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 9, 2019, which granted defendants' motion to dismiss the complaint to the extent of dismissing the cause of action for contractual indemnification without prejudice and with leave to replead as to claims for actual losses, and with prejudice as to claims for future damages, and dismissing the causes of action for breach of contract and a declaratory judgment with prejudice, unanimously modified, on the law, to deny the motion as to the contractual indemnification and declaratory judgment causes of action, and otherwise affirmed, without costs.
This action arises out of an agreement whereby plaintiff purchased a servicing portfolio of reverse mortgage loans from defendant Generation Mortgage Company. Defendant Guggenheim Partners, LLC was a party to the agreement as Generation's guarantor.
The contractual indemnification claim should not be dismissed. Nothing in the purchase agreement limits damages to those realized within the five-year contractual limitations period. To the contrary, the agreement provides that a claim is timely made where plaintiff gives defendants sufficient information and documentation to establish the basis for the claim, and there is no requirement that the documentation show that plaintiff actually realized the loss. This includes the part of the claim seeking damages caused within the five-year contractual limitations period but not realized until after the period has expired, as the nature of reverse mortgages is such that a servicer, such as plaintiff, often does not see a loss until the loan is terminated, which is generally upon the sale of the property or the death of the mortgagee (see Remet Corp. v Estate of Pyne, 26 NY3d 58 [2015]). With respect to the agreement's special damages exclusion, it would be illogical to hold that certain losses are recoverable when caused on the eve of the expiration of the five-year period but become indirect, remote, speculative, or punitive a day later. Whether plaintiff provided defendants with sufficient documentation to render each of the claims for the numerous loans timely is not a matter to be resolved on a motion pursuant to CPLR 3211.
The declaratory judgment claim is not duplicative of the indemnification claim, as it would permit recovery of future damages (see Remet Corp. at 63-64). The breach
of contract cause of action, however, was correctly dismissed as duplicative of the indemnification claim. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021